UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

M.F.,

Petitioner,

v.

WARDEN OF OTAY MESA
DETENTION CENTER, et al.,

Respondent.

Case No.:  3:25-cv-3599-CAB-MSB

**ORDER GRANTING PETITION
FOR A WRIT OF HABEAS CORPUS**

[Doc. No. 1]

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Mikhail Furtsev ("Petitioner").[1]  [Doc. No. 1 ("Petition").]  Petitioner asserts he is being detained by Immigration and Customs Enforcement ("ICE") without a bond hearing in violation of the Fifth Amendment, 8 U.S.C. § 1231(a)(6), and the Administrative Procedure Act.  [*Id.* at 6.]  For the following reasons, the Court **GRANTS** the writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing as described below.

---

[1] Petitioner's caption is styled M.F. but no motion to proceed pseudonymously has been filed.  The Court therefore uses Petitioner's name in this Order.

1

## I.   BACKGROUND

Petitioner is a native of Ukraine and citizen of Russia who applied for admission at the San Ysidro Port of Entry on October 25, 2024.  [Doc. No. 4 at 2.]  He did not have a valid entry document and was therefore charged as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I).  [*Id.*]  Petitioner applied for asylum, and on April 8, 2025, an immigration judge ("IJ") granted Petitioner's application.  [Doc. No. 1-2 at 2.]  The Department of Homeland Security ("DHS") appealed that decision and on October 10, 2025, the Board of Immigration Appeals ("BIA") remanded the case back to the IJ for additional fact finding as to Petitioner's fear of persecution.  [Doc. No. 4-1 at 7–11.] Petitioner then sought a custody redetermination pursuant to 8 C.F.R. § 1236, which an IJ denied because Petitioner was deemed an "arriving alien" subject to mandatory detention while his asylum claim is pending.  [Doc. No. 1-3 at 2.]  A merits hearing on the BIA's remand is currently set for March 10, 2026.  [Petition at 6.]  Petitioner seeks his release from ICE detention, or at minimum, an order directing a bond hearing.  [*Id.* at 6–7.]

Respondents contend that Petitioner remains lawfully detained in ICE custody under 8 U.S.C. § 1225(b)(1)(B)(ii) and that this Court does not have jurisdiction over the Petition under various subsections of 8 U.S.C. § 1252.  [*See generally* Doc. No. 4.]

## II.   LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

### A.   Jurisdiction

#### 1.   8 U.S.C. §§ 1252(b)(9) and 1252(g)

Respondents challenge this Court's jurisdiction based on §§ 1252(b)(9) and 1252(g).

2

[Doc. No. 4 at 4–5.]  This Court, and innumerable others, have repeatedly rejected the same jurisdictional arguments under similar factual scenarios.  Because the instant Petition challenges Petitioner's detention and not the procedure or merits of his asylum claim itself, we reject Respondents' jurisdictional arguments by adopting and incorporating by reference the same reasoning expressed in *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1136–39 (S.D. Cal. 2025).

### 2.    8 U.S.C. § 1252(e)(2)

Respondents argue that § 1252(e)(2) also strips this Court of jurisdiction.  [Doc. No. 4 at 7.]  This section, entitled "[j]udicial [r]eview of [o]rders under section 1225(b)(1)," provides:

> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title . . . and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

The Court finds that § 1252(e) does not bar our jurisdiction over Petitioner's claim because § 1252(e) assumes a challenge to a final order of removal and here there is no final order of removal at all.  *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of § 1252(b)(9)] does not apply to federal habeas corpus petitions that do not involve final orders of removal."); *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *8 (S.D. Cal. Oct. 1, 2025) ("Where a petitioner does not challenge any final order of removal, but challenges his *detention* prior to the issuance of any such order the jurisdiction-stripping provisions do not apply." (emphasis in original) (internal quotation marks omitted)).  And while a district "court[] may not review the determination that an alien lacks a credible fear of

persecution," *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 112 (2020) (internal quotation marks omitted), here Petitioner does not challenge the substance of his credible fear determination or the process which led to it.  Petitioner only challenges whether Respondents may continue to detain him after at least fourteen months with no bond hearing under the Due Process clause of the Fifth Amendment.  Accordingly, the Court is satisfied of its jurisdiction and proceeds to the merits.

**B.      Due Process Claim**

The heart of Petitioner's claim for relief is that his prolonged detention without an individualized custody review—over 14 months to date—violates the Due Process clause of the Fifth Amendment.  [Petition at 6.]  Respondents counter that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved, including DHS' appeal of his asylum claim.  [Doc. No. 4 at 7.]

The Court recently analyzed a noncitizen's due process claim in similar circumstances and concluded that a noncitizen may be entitled to a bond hearing, notwithstanding the language of 8 U.S.C. § 1225(b)(1).  *L.R.G.* v. *Christopher J. LaRose, et al.*, No. 3:25-CV-3490-CAB-MSB, at Doc. No. 13 (S.D. Cal. January 16, 2026).  We adopt the same reasoning here with respect to the viability of a due process claim.

However, as we explained in *L.R.G.*, whether a particular petitioner is entitled to relief requires a fact-specific analysis.  There, we applied the six-factor analysis from *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).  *See id.* at 7–9 (considering (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal).  Here, Petitioner argues that the factors from *Mathews v. Eldridge*, 424 U.S. 319 (1976) compel the provision of a bond hearing.  [Doc. No. 6 at 7.]  Recognizing that courts in the Ninth Circuit have used various factor tests to determine whether due process requires a bond

hearing in similar cases, the Court finds that Petitioner's due process claim succeeds under either the *Mathews* or *Banda* frameworks.

Under the *Banda* framework, Petitioner has been detained for over fourteen months, a length of detention that Respondents concede has led other courts to find a due process violation. [Doc. No. 4 at 9–10 (quoting *Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) that "[i]n general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing."). And considering Petitioner was granted asylum, is awaiting another merits hearing scheduled for March 10, 2026, and may have another appeal to the BIA and/or Ninth Circuit on the merits of his credible fear determination, he is likely to be detained for much longer. [*See* Doc. No. 6 at 8–9.] As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the *L.R.G.* petitioner, who was also detained at Otay Mesa, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." *L.R.G.* at 8. As to the fourth and fifth *Banda* factors, neither party introduced evidence of delay by the Petitioner. Finally, Petitioner was granted asylum and the BIA remanded his case to the immigration judge for further factual findings but "express[ed] no opinion regarding the ultimate outcome of the[] proceeding[]." [Doc. No. 4-1 at 11.]

The Court therefore finds that under the circumstances of this case, Petitioner's detention for over fourteen months without a bond hearing has become unreasonably long and thus violates due process. Petitioner is entitled to a prompt and individualized bond hearing before an immigration court, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) ("Given the substantial liberty interest at stake . . . we hold that the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community

3:25-cv-3599-CAB-MSB

to justify denial of bond[.]"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [petitioner] is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)).

## IV.    CONCLUSION

Without at least the opportunity for release via a bond hearing, the Court finds that Petitioner's seemingly indefinite detention violates the Due Process Clause of the Fifth Amendment.  The Court therefore **GRANTS** the request for a writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing as described above within fourteen days of the date of this Order.

It is **SO ORDERED**.

Dated:  January 22, 2026

Hon. Cathy Ann Bencivengo
United States District Judge